# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

IN RE:
$323,647.60 IN FUNDS BELONGING TO
THE CALIFORNIA VALLEY MIWOK TRIBE,   Case No. 18 CV 01194 JAP/KBM

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO TRANSFER VENUE

On January 14, 2019, Defendants-in-Interpleader, Yakima Dixie, Velma Whitebear, Antonia Lopez, Gilbert Ramirez, Jr., Antoinette Lopez, Michael Mendibles, and Iva Carsoner (Movants), purportedly on behalf of the California Valley Miwok Tribe (CVMT or Tribe)[1] filed the NOTICE OF MOTION AND MOTION TO TRANSFER VENUE (Doc. No. 9) and the attached MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE (Doc. No. 9-1) (together, the Motion to Transfer). On January 22, 2019, Defendant-in-Interpleader, Silvia Burley, along with the General Council,[2] Rashel Reznor, Angelica Paulk, and Tristian Wallace (together the Burley Faction), purportedly on behalf of the Tribe, filed the OPPPOSITION TO THE MOTION TO TRANSFER VENUE (Doc. No. 13) (Opposition).[3] On February 5, 2019, the Movants filed the REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE (Doc. No. 15) (Reply). Since all of the parties involved in the dispute that underlies this Interpleader Action reside in California, the Court will transfer this Interpleader Action to the United States District Court for the Eastern District of California (E.D.

---

[1] The Defendants-in-Interpleader, Yakima Dixie, Velma Whitebear, Antonia Lopez, Gilbert Ramirez, Jr., Antoinette Lopez, Michael Mendibles, and Iva Carsoner are referred to in the Motion to Transfer as members of the Tribal Council formed under a 2013 Tribal Constitution. However, the Tribal Council has not been recognized as the lawful governing body for the Tribe.
[2] The General Council has not been recognized as the lawful governing body for the Tribe.
[3] Since neither the General Council, headed by Silvia Burley, nor the Tribal Council has been recognized as the governing body or representative for the Tribe, the Tribe cannot join in either the Motion or the Opposition. Although a party in this case, the Tribe cannot be represented by either the General Council or the Tribal Council.

1

Ca.) in the interest of justice and the convenience of the Movants, the Burley Faction, the Tribe, the potential members of the Tribe, and the BIA officials who will assist with the Tribe's reorganization.

I. BACKGROUND

The COMPLAINT IN INTERPLEADER (California Valley Miwok Tribe) (No. 90 CV 957, Doc. No. 1366; No. 18 CV 1194, Doc. No. 2) (Complaint) was originally filed in the class action, *Ramah Navajo Chapter et al. v. Bernhardt, et al.*, No. 90 CV 957 JAP/KBM (*Ramah*). The amount of $323,647.60 (the interpleaded funds),[4] owed to the CVMT as Class Member # 72 under the *Ramah* Final Settlement Agreement (No. 90 CV 957, Doc. No. 1306-1) (FSA), is held in the registry of the Court. Under the FSA, Plaintiffs-in-Interpleader were authorized to file an interpleader action in this Court if they become aware that "more than one individual or entity claims the right to act on behalf of a Class Member or to receive funds on behalf of that Class Member." (FSA at 26.) In the Complaint, Plaintiffs-in-Interpleader alleged that they could not determine "who is entitled to execute the Claim Form for defendant-in-interpleader" CVMT and "to receive its share of the Net Settlement Amount, as identified in the [FSA][.]" (FSA at Compl. at 1–2.) The Court has now severed the original Interpleader Action, and the Court has dismissed and discharged the Plaintiffs-in-Interpleader. *See* ORDER SEVERING CALIFORNIA VALLEY MIWOK TRIBE INTERPLEADER ACTION AND DESIGNATING SEPARATE CAPTION AND CASE NUMBER (Doc. No. 1) and ORDER DISMISSING PLAINTIFFS-IN-INTERPLEADER (Doc. No. 18).

---

[4] The amount of $322,259.60, which was the amount that the Tribe was entitled to under the Final Settlement Agreement (No. 90 CV 957, Doc. No. 1306-1), was placed into this Court's Registry on September 29, 2016. A second distribution under the FSA of $1,388.00 was added to the Registry for a total of $323,647.60. (*See* Compl. at 4.)

Under the FSA, the Tribe can claim the interpleaded funds only through a governing body that can act on behalf of the Tribe. On December 30, 2015, Assistant Secretary Kevin Washburn of the Bureau of Indian Affairs (BIA) issued a decision stating that the BIA did not recognize either the Burley Faction's General Council or the Movants' Tribal Council as the lawful governing body of the CVMT. *See* Compl. Ex. A (the 2015 Decision). In short, there is no governing body that is authorized to act for the Tribe. The Movants and the members of the Burley Faction have been involved in a dispute over the Tribe's membership and its governance. The Pacific Regional Director of the Bureau of Indian Affairs (BIA) is tasked with aiding in the Tribe's reorganization and in the development of a governing body.

I. STANDARD OF REVIEW

This Interpleader Action was brought under Rule 22, which provides,

> (1) Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>
>> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>>
>> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

Fed. R. Civ. P. 22(a)(1)(A) & (B).

The Movants ask the Court to transfer this Interpleader Action arguing that since the *Ramah* FSA has been otherwise administered, there is no reason for this dispute to remain in the District of New Mexico. *See, e.g., Spaeth v. Michigan State Univ. Coll. Of Law*, 845 F.Supp.2d 48, 56–57 (D. D.C. Feb. 17, 2012) (granting defendant law schools' motion to sever claims into four new cases, each with a single law school defendant, and transferring each new case to the district where the law school defendant was located). Section 1404(a) of title 28 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C.A. § 1404(a).

The general venue statute governs this Rule 22 Interpleader Action. Anne E. Melley, *Rule interpleader venue*, 21 Fed. Proc., L. Ed. § 49:27 (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967)). The general venue statute provides that venue for a civil action is proper in "a judicial district in which any defendant resides," if all defendants reside in the state in which the district is located, or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. §§ 1391(b)(1), (b)(2).

II. DISCUSSION

    A. Venue in the E.D. Ca. is Proper.

The E.D. Ca. is one of four federal court districts in the state of California. The territory served by the courts of the E.D.Ca. includes "the counties of Alpine, Amador, Butte, Calaveras, Colusa, El Dorado, Fresno, Glenn, Inyo, Kern, Kings, Lassen, Madera, Mariposa, Merced, Modoc, Mono, Nevada, Placer, Plumas, Sacramento, San Joaquin, Shasta, Sierra, Siskiyou, Solano, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo, and Yuba." 28 U.S.C. § 84(b). Courts preside in the E.D. Ca. in the cities of "Bakersfield, Fresno, Redding, and Sacramento." *Id.*

Noncorporate entities like the Tribe are deemed to reside in any judicial district in which the Tribe is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2); *Navajo Nation v. Urban Outfitters, Inc.*, 918 F.Supp.2d 1245, 1254 (D. N.M. 2013) (finding that District of New Mexico was proper venue for action brought by Navajo Nation because four million acres of its

4

reservation lands are located in New Mexico and 112,000 of its members are residents of New Mexico). Thus, the Tribe, whose headquarters and reservation land (rancheria) are in Calaveras County, California, is a resident of California within the area of the E.D. Ca. *See* Mot. to Transfer Decl. Antoinette Lopez ¶ 5 (Doc. No. 9-2); 28 U.S.C. § 84(b).

The Movants, and a majority of the potential members of the Tribe are residents of California. (Decl. Antoinette Lopez ¶ 4.) The Movants ask the Court to take judicial notice of the First Amended Complaint in *California Valley Miwok Tribe v. Zinke*, No. 2:16-01345 (E.D. Ca.), in which Ms. Burley, as plaintiff in that case, alleges that she resides in the area of California within the E.D. Ca. *See* REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO TRANSFER (Doc. No. 10) (Request for Judicial Notice) Ex. A. The Court will grant the request for judicial notice and considers Ms. Burley a resident of California within the boundaries of the E.D. Ca.

The Movants also ask the Court to take judicial notice of information from the Bureau of Indian Affairs' website giving the office addresses of the BIA's Pacific Regional Office and the affiliated Central California Agency, which serves the Tribe. The website shows that the offices of the Pacific Regional Office and the Central California Agency are located in Sacramento, California. *Id.* Exs. B1 and B2; https://www.bia.gov/regional-offices/pacific/tribes-served.  The Court will take judicial notice of this information. Secretary Washburn authorized the BIA's Pacific Regional Director to "work with the Eligible Groups to help the Tribe attain its manifest goal of reorganizing." *See* 2015 Decision at 6. Therefore, the BIA offices that will assist in reorganizing the Tribe and in recognizing a governing body for the Tribe are within the boundaries of the E.D. Ca.

Ms. Burley chose to challenge Secretary Washburn's 2015 Decision in the E.D. Ca. *See California Valley Miwok Tribe v. Zinke*, 2017 WL 2379945, *aff'd* 745 F. App'x 46 (9th Cir. Dec. 11, 2018), *pet. for reh. denied* (Feb. 4, 2019). The Court can reasonably assume that litigation concerning any future reorganization of the Tribe will be brought in the E.D. Ca.

In sum, the Tribe, the Movants, Ms. Burley, and a majority of the potential members of the Tribe, as well as the BIA officials who will aid in the Tribe's reorganization are located within the "State in which the [E.D. Ca.] is located." 28 U.S.C. § 1391(b)(1). In addition, the E.D. Ca. is in the area where "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). The events giving rise to the Interpleader Action are essentially the events related to the leadership dispute within the Tribe. The dispute developed into a contest between two groups of individuals who are members of two entities claiming to govern the Tribe: the General Council and the Tribal Council. All of the members of these entities are residents of California. The property that is the subject of the Interpleader Action consists of the interpleaded funds, which are located within the registry of this Court. The location of the funds is irrelevant to a determination of venue as discussed below.

B.     Changing Venue is Appropriate.

The purpose of transfer is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). District courts have the discretion to transfer "according to an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). The party moving to transfer a case under § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *Id.* at 1515.

Courts should weigh several factors:

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516.

The convenience of the witnesses is the most important factor in deciding a motion under [§] 1404(a)." *Navajo Nation*, 918 F.Supp.2d at 1256. *See Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1122 (10th Cir. 2003) (holding that venue was proper in the district in which a majority of the witnesses resided). In this Interpleader Action, most, if not all, witnesses are located in California and within the area served by the E.D. Ca. The witnesses and parties will incur significant cost and inconvenience if this Interpleader Action is litigated in New Mexico. (*See generally* Doc. No. 9-2 Decl. Antoinette Lopez ¶¶ 4–12.) The factor related to the application of laws weighs in favor of transfer to the E.D. Ca. because it presided over the most recent appeal of the 2015 Decision.

The original choice of forum is not relevant because Plaintiffs-in-Intervenor have been dismissed. "[W]here the plaintiff has no underlying interest in where the case is litigated, as in an interpleader action, courts need not defer to the plaintiff's choice of venue." 1 A.L.R. Fed. 15 (2018) (citing *Matter of Trusts established under the Pooling and Servicing Agreements relating to the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30*, 241 F. Supp. 3d 905 (D. Minn. 2017)).

Enforceability of a judgment is a neutral factor because once the BIA recognizes a governing body for the Tribe either this Court or the E.D. Ca. could distribute interpleaded funds associated with each court's registry. The relative advantages and obstacles to a fair trial and the difficulties that may arise from congested dockets are neutral factors. The possibility of the existence of questions arising in the area of conflict of laws and the advantage of having a local court determine questions of local law are factors that weigh in favor of the E.D. Ca. as the court which dealt with the recent challenge to the 2015 Decision regarding governance and membership of the Tribe. In sum, all practical considerations that make a trial easy, expeditious, and economical weigh in favor of transfer. The E.D. Ca. is the most logical choice of venue for the Interpleader Action as the jurisdiction where the parties reside and the events that gave rise to the claims occurred.

    C.    Arguments for Maintaining Venue in this Court are Unpersuasive.

In their Answer (No. 18 CV 1194 JAP/KBM (Doc. No. 14) at p. 11), the Burley Faction requested transfer of the Interpleader Action to the E.D. Ca.; however, the Burley Faction now opposes transfer and asks this Court to award the interpleaded funds to the four members of the Burley Faction and Dixie's estate.

In its Opposition, the Burley Faction argues that Yakima Dixie's death means that the membership of the Tribe is closed—that only the members of the Tribe who were recognized before his death can ever be members, and no "potential" members can be added. They claim that the 2015 Decision supports this proposition, but it does not, as discussed in the MEMORANDUM OPINION AND ORDER DENYING MOTION TO LIFT STAY OF INTERPLEADER ACTION (Doc. No. 17). Virtually every court and administrative body involved in this dispute has held that the membership of the Tribe consists of more than five

people. Prior to the 2015 Decision, the District Court for the District of Columbia (D.D.C) vacated a 2011 decision by then-Assistant Secretary for Indian Affairs Larry Echo Hawk, the only decision-maker who concluded that the Tribe consisted of only five members. The D.D.C. reversed and remanded to the Assistant Secretary the issue of whether the Tribe's "membership has been properly limited" to just Mr. Dixie and the Burley family and to ensure that the tribal government consists of "valid representatives of the [Tribe] as a whole." (2015 Decision at 2.) In the 2015 Decision on remand, Secretary Washburn rejected the Burley Faction's position that the Tribe consisted of five members.

The Court simply cannot provide the relief requested in the Opposition. Under the FSA, the Tribe, as a Class Member, is entitled to a share of the settlement funds. This Court can only approve the disbursal of funds to the Tribe as tribal property and not to individual members of the Tribe. *See N. Paiute Nation v. United States*, 8 Cl. Ct. 470, 480 (1985) ("tribal property interests are held in common for the benefit of all living members of the tribe, a class whose composition continually changes as a result of births, deaths, and other factors. The manner in which a tribe chooses to use its property can be controlled by individual tribal members only to the extent that the members participate in the governmental processes of the tribe.") (quoting F. Cohen, *Handbook of Federal Indian Law*, at 472 (1982 ed.)). The Burley Faction's request for disbursal directly to them is in direct contravention of the FSA and Indian law.

The Burley Faction further claims that venue is proper in this Court because the "property [money] is located here." However, as pointed out by the Reply, the interpleaded funds are not "located" in this District. By law, all funds deposited with a federal court in any pending case "shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court." 28 U.S.C. § 2041. On October 20, 2016, the Court

9

entered Administrative Order No. 16 MC-04-50 requiring compliance with 28 U.S.C. § 2041. The Administrative Order requires that the Clerk's office deposit funds held in interpleader actions into the Court Registry Investment System (CRIS) administered by the Administrative Office of the United States Courts. (*Id.* at 1.) In the ORDER SEVERING CALIFORNIA VALLEY MIWOK TRIBE INTERPLEADER ACTION, AND TO DESIGNATE SEPARATE CAPTION AND CASE NUMBER (Doc. No. 7), the Court required the Clerk of this Court to "enter an appropriate notation in the records of the registry of the Court associating the deposited sum of $323,647.60" with the severed Interpleader Action. (*Id.* at 2.) The interpleaded funds were not deposited in an account located within this District and thus are not "located" in the District of New Mexico. Therefore, this District is not where "a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391 (b)(2).

Finally, the Burley Faction argues that the Movants waived the right to challenge venue under Rule 12(h).[5] After receiving the Complaint, the Movants did not file an answer or other responsive pleading, but instead joined in the original Joint Motion for a stay. Therefore, the Movants did not waive venue as a defense, and they may bring the Motion to Transfer.

---

[5] Rule 12 (h) Waiving and Preserving Certain Defenses.
    (1) *When Some Are Waived*. A party waives any defense listed in Rule 12(b)(2)-(5) by:
        (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
        (B) failing to either
            (i) make it by motion under this rule; or
            (ii) include it in a responsive pleading or in an amendment allowed by Rule 12(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h). Rule 12(b)(3) lists "improper venue" as a defense that must be brought by motion or responsive pleading.

IT IS ORDERED that the NOTICE OF MOTION AND MOTION TO TRANSFER VENUE (Doc. No. 9) is granted, and this Interpleader Action is transferred to the United States District Court for the Eastern District of California.

_____
SENIOR UNITED STATES DISTRICT JUDGE